KOHART v. SKOU.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. MONOPOLIES (§ 17*)—VALIDITY OF CONTRACT RESTRAINING COMPETITION.

   An agreement between two dealers fixing the selling price of articles, for the purpose of ending a losing and disastrous competition, was not an unreasonable restraint of trade, where it did not appear that they controlled the supply, that the arranged price was excessive, or that any monopoly was thereby created.

   [Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*]

2. MONOPOLIES (§ 17*)—VALIDITY OF CONTRACT RESTRAINING COMPETITION.

   That the subject-matter of an agreement between dealers fixing selling prices was fixtures to be used by schools and public buildings did not make the agreement illegal or against public policy, where it did not appear that there were not other competitors, or that the board of education or the city had any cause of complaint.

   [Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*]

3. ACCOUNT STATED (§ 19*)—EVIDENCE—INCONSISTENCY.

   Where the evidence showed an account stated for a sum for which a bill had been rendered and retained without objection, it was inconsistent

with a later account stated for the amount of a bill subsequently rendered for a larger amount.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 91–93; Dec. Dig. § 19.*]

Appeal from Trial Term, Kings County.

Action by Frank C. Kohart against Edward J. Skou. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted, unless plaintiff stipulates to reduce the verdict.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

James A. Davis, for appellant.

Henry M. Dater, of Brooklyn (Jay S. Jones and Edward J. Fanning, both of Brooklyn, on the brief), for respondent.

PER CURIAM. [1, 2] The agreement in suit is an arrangement by two dealers fixing the prices for sales of similar articles, by which they would end a losing and disastrous competition. It is not an unreasonable restraint of trade, because it did not appear that these parties controlled the supply, that the arranged price was excessive, or that any monopoly was thereby created. Neither was the agreement illegal, or against public policy, because the subject-matter was fixtures to be used by schools and public buildings, since it is not shown that there were not other competitors, or that the board of education or the city of New York had any cause to complain.

[3] As to the terms and basis for mutual payments between the contracting parties, the written agreement is clear and unambiguous, and the amounts and balance between the respective payments were set forth in the first cause of action. This left no proper basis for the erroneous computation alleged as the second cause of action. If the evidence showed an account stated, it was for the $683.90, for which sum plaintiff testified a bill had been rendered to the defendant about the middle of February, which statement had been retained without objection. This proof was inconsistent with any later "account stated" by rendering a further bill for $841.40. The verdict, being based on the second cause of action, therefore, is unsupported by the pleadings or by the proofs.

The judgment and order should therefore be reversed, and a new trial granted, costs to abide the event, unless within 20 days the plaintiff stipulate that the verdict be reduced to $683.90, with interest on that sum from February 14, 1908, in which event the judgment, as so modified, and order, are affirmed, without costs of this appeal.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes